IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LAVAR ELLIS,                              *
                                          *
                    Petitioner,           *
                                          *        No. 4:09cv00141 SWW
vs.                                       *        (No. 4:07cr0077 SWW)
                                          *
                                          *
                                          *
UNITED STATES OF AMERICA                  *
                                          *
                    Respondent.           *

MEMORANDUM AND ORDER

On March 8, 2007, petitioner Lavar Ellis was charged in a four-count indictment with knowingly and intentionally distributing crack cocaine (counts I-II) and knowingly possessing crack cocaine with intent to distribute (counts III-IV). Ellis plead guilty to count IV of the indictment and counts I-III were dismissed on motion of the government. On February 28, 2008, Ellis was sentenced to 84 months imprisonment followed by four years of supervised release. Ellis did not appeal his sentence.

Now before the Court is Ellis' pro se 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence primarily on grounds that he was denied ineffective assistance of counsel. The government has responded in opposition to Ellis' motion.[1] The Court has considered the matter and finds that Ellis' § 2255 motion should be and hereby is denied.[2]

---

[1] A copy of the government's response was forwarded to Ellis by Order entered May 6, 2009 [doc.#32], after Ellis correctly noted that the government failed to serve him with a copy of its response.

[2] Because the record conclusively shows that Ellis is not entitled to relief, the Court decides this motion without conducting an evidentiary hearing. *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

I.

Ellis argues counsel provided ineffective assistance in the following manner: (1) counsel failed to apprise him of available guideline provisions that may have been used to negotiate a more favorable plea agreement and convinced him to waive significant procedural and constitutional rights and protections without providing him with the necessary legal information to make an informed and intelligent decision related to such; (2) counsel failed to lodge proper objections to the Presentence Report ("PSR"), namely he did not object to the PSR criminal history calculation, and his convictions for robbery, theft and failure to appear should have been counted as one prior sentence; (3) counsel failed to object to the drug quantity calculation in the PSR; (4) counsel was ineffective for failing to move for downward departure because his criminal history was overstated and had such an argument been made, there is a reasonable probability that his sentence would have been lower than the 84 months that were imposed; (5) counsel failed to seek a sentencing departure form the crack cocaine sentencing guidelines; and (6) counsel failed to properly object to guideline enhancements applied to increase his base offense level.

A.

"A defendant who claims that he received ineffective assistance of trial counsel has the burden to show both that counsel's performance was deficient – *i.e.*, that 'the identified acts or omissions were outside the wide range of professionally competent assistance' despite the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' – and that the defendant suffered prejudice – *i.e.*, 'that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Sanders v United States*, 341 F.3d 720, 721-22 (8th Cir. 2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 689-90, 694 (1984)). In the context of a guilty plea, Ellis needs to show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *United States v. Wilson*, 114 Fed.Appx. 770 (8th Cir. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Ellis also needs to overcome "strong presumptions" of counsel's competence and the voluntariness of his guilty plea based on his representations during the plea colloquy. *Id.* (citing *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam)).

## B.

The Court has carefully considered the matter and finds that Ellis fails to identify any acts or omissions of his counsel that were outside the wide range of professionally competent assistance, and he fails to provide any evidence that he did not understand the consequences of his plea. The Court will address Ellis' claims in turn.

## 1.

Ellis first claims that counsel failed to apprise him of available guideline provisions that may have been used to negotiate a more favorable plea agreement and that counsel convinced him to waive significant procedural and constitutional rights and protections without providing him with the necessary legal information to make an informed and intelligent decision related to such. The Court rejects these claims.

The plea agreement called for Ellis to plead guilty to Count IV of the Indictment which charged him with possession of 9.0958 grams cocaine base, or crack cocaine, with the intent to distribute in exchange for which the government moved to dismiss the remaining three counts. Although the total drug quantity involved in Ellis' activities included 15.81 grams of cocaine base, 4.0257 grams of cocaine hydrochloride and 6.5 grams of marijuana, *see* PSR at ¶ 7, the parties stipulated that he should be held accountable for approximately 15 grams of cocaine base, a stipulation which resulted in a two-level benefit to Ellis.  In addition, even though Ellis was in possession of firearms in connection with drug trafficking activity, the parties stipulated that no enhancement should be applied, another stipulation which resulted in a two-level benefit to Ellis. And although the United States could have called a witness to testify that Ellis threatened her thereby obstructing or impeding justice, the parties stipulated that the enhancement should not be applied, a third situation in which Ellis received a two level benefit in his guideline range.  *See* PSR, ¶¶ 5, 7.  With a third point for acceptance of responsibility, Ellis' final guideline range was a level 21, criminal history 6.  Had the levels been applied instead of stipulated away, Ellis' guideline range would have increased from a level 21, criminal history 6, to a level 27, criminal history 6, substantially increasing the sentencing range.  Moreover, application of the enhancement for obstruction of justice might have raised his exposure to a level of 30 with an even higher sentencing range.  Thus, the result of the plea negotiations demonstrate that counsel was not in any way deficient, nor can Ellis be deemed to have been prejudiced.

2.

Ellis next claims counsel failed to lodge proper objections to the PSR, namely that he did

not object to the PSR criminal history calculation.  This claim must be rejected as the record

shows that counsel did in fact object to the additional three points of criminal history assigned for

Ellis' failure to appear associated with the robbery charge listed in paragraph 22 of the PSR,

counsel arguing that it was part of the same conduct, and counsel also objected to two levels of

criminal history for what he characterized as a traffic offense.

Ellis also claims that his convictions for robbery, theft and failure to appear should have

been counted as one prior sentence, but these convictions could not be counted as part of the

same conduct because Ellis was arrested on the robbery and theft charges on July 31, 1997, and

he was arrested for failure to appear at his January 1998 trial on those charges on April 30, 1998.

As noted by the government, because of the April 30, 1998 intervening arrest, the failure to

appear charge is not part of the robbery/theft conduct pursuant to United States Sentencing

Guidelines § 4A1.2(a)(2).

3.

Ellis next claims that counsel failed to object to the drug quantity calculation in the PSR

but this claim must be rejected as Ellis, at the time he pled guilty, stipulated to the drug quantity

that was adopted for purposes of relevant conduct, thereby waiving any further objection.

4.

Ellis next claims counsel was ineffective for failing to move for downward departure

because his criminal history was overstated and argues that had such an argument been made,

there is a reasonable probability that his sentence would have been lower than the 84 months that

were imposed.  Aside from the fact that counsel did object to the criminal history calculation,

Ellis stipulated that he would not seek a further reduction other than those agreed to in the plea

agreement.  Counsel's performance on this point, then, was not deficient.


5.

Ellis next claims counsel failed to seek a sentencing departure from the crack cocaine

sentencing guidelines.  Again, however, the parties agreed not to seek any other sentencing

enhancements or reductions other than those agreed to in the plea agreement.  Moreover, the drug

quantities to which the parties stipulated were less than the total drug quantity which would have

been attributable to Ellis, resulting in a two-level reduction.  Accordingly, counsel's performance

was not deficient.


6.

Finally, Ellis claims counsel failed to properly object to guideline enhancements applied

to increase his base offense level.  As noted by the government, however, no such enhancements

were recommended or applied.


II.

Ellis also argues his post-sentence rehabilitation, namely his obtaining a high school

equivalency diploma and his completion of a substance abuse program while in prison, justifies

downward departure in this case.  While Ellis' post-sentence rehabilitation is certainly to be

commended and hopefully will yield him positive benefits in the future, evidence of a

defendant's post-sentence rehabilitation is not relevant and would not be permitted at any resentencing because this Court could not have considered that evidence at the time of the original sentencing. *United States v. Kane*, 552 F.3d 748, 754 (8th Cir. 2009).

## III.

For the foregoing reasons, the Court finds that Ellis' claims are without merit and that his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence should be and it hereby is denied.[3]

IT IS SO ORDERED this 27th day of May 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[3] Ellis' application to proceed *in forma pauperis* [doc.#26] is hereby granted.