**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                              Case No. 4:07-CR-0077  SWW

**LAVAR K. ELLIS**

## ORDER DENYING SENTENCE MODIFICATION

Before the Court are Defendant Lavar Ellis' Motion for Modification of Federal Sentence, Motion for Appointment of Counsel, and Application to Proceed Without Prepayment of Fees, filed *pro se.*   Defendant requests a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the crack cocaine penalty reduction enacted by the United States Sentencing Commission ("Commission"). *See* Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).   He also requests appointed counsel to assist him in seeking a sentence modification. After reviewing the file, the Court concludes that Defendant is not eligible for any relief.

Defendant states that he is entitled to relief based on 18 U.S.C. § 3582(c)(2), which provides the court with the authority to modify a term of imprisonment where the applicable "sentencing range has subsequently been lowered by the Sentencing Commission."  His  reliance on § 3582 is misplaced, however, because he has already received the benefit of Amendment 706 and is not a defendant to whom Amendment 711 applies.

Amendment 706 lowered the drug quantity table found in U.S.S.G. § 2D1.1 and used to compute the base offense level for crack cocaine drug offenses.  Amendment 706 took effect on November 1, 2007.  Amendment 711 took effect on March 3, 2008, and made the changes

implemented by Amendment 706 apply retroactively to those defendants serving a crack cocaine sentence imposed before November 1, 2007.

Defendant was sentenced on February 28, 2008, to an 84 month term of imprisonment. His base offense level was 24 based upon a drug quantity of 15 grams of cocaine base. Had he been sentenced <u>before</u> November 1, 2007, the same quantity of cocaine base would have resulted in a base offense level of 26. Thus, Defendant has already been sentenced based on the lowest available guideline range for crack cocaine offenses.

Accordingly,

IT IS HEREBY ORDERED THAT Defendant's Motion for Modification of Sentence (Docket no. 43) and Motion to Appoint Counsel (Docket no. 45) be, and they are hereby, DENIED. Defendant's Application to Proceed Without Prepayment of Fees (Docket No. 46) is moot.

IT IS SO ORDERED THIS 17th day of July 2009.

<u>/s/Susan Webber Wright</u>
UNITED STATES DISTRICT JUDGE